# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**CURTIS EDWARD ALVEY, JR.**                                             **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 1:21-cv-49-BJB**

**WESTERN KENTUCKY UNIVERSITY et al.**                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Curtis Edward Alvey, Jr., proceeding *in forma pauperis*, filed this lawsuit against Defendants Western Kentucky University as well as two WKU "legal advisors": Andrea Anderson and Deborah Wilkins. This is the fourth lawsuit Plaintiff has filed against WKU in less than a year. All of his prior lawsuits against WKU have been dismissed for failure to meet the notice-pleading standard under Rule 8(a) of the Federal Rules of Civil Procedure. In two of those cases, the district court dismissed his claims as so frivolous that they divested the court of federal question jurisdiction. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (An "obviously frivolous" or "unsubstantial claim[]" may divest the court of federal question jurisdiction).

The Federal Rules require the Court to dismiss this lawsuit as well. Plaintiff attaches to the complaint form a document titled "Statement of Claim" (DN 1-1), which refers to allegations he made in two of his prior suits against WKU and complains about actions taken by WKU, such as administratively withdrawing him from the university. He provides a lengthy list of bullet points indicating the many bases for his objections to the university's decision to withdraw him. Some of these reasons include:

- "Religious Discrimination (I feel as if [WKU] is trying to attack my mind, body and spirt.) (I also feel as if [WKU] is trying to attack my soul (I am Catholic and I am Islamic)

- "Rape (I have informed [WKU] that I am a Rape Victim of Multiple Attacks and Dr. McClain uses a strange set of words to attempt to discipline me, or "Teach me a Lesson" in Literature or manners. These words being "Being concise is a skill, which is why there is a page limit – answer the question succinctly.") (I took this comment very sexually and felt very violated by her word choices)
- "Sexual harassment (There are several students past and present who are involved in a string of sexually based discriminating acts of harassment against my person) …
- "Torture (I feel tortured because of the series of attacks that continue in my life every waking second) …
- (The next form of torture will come from getting attacked by different species of bugs. Spider, Ants, Flies, Lady Bugs, etc.) …
- Fame (There is more than rumor floating around that I am getting married to Hailee Caribe Steinfeld and becoming a famous social media influencer)

  (There is also a rumor floating around that I have also married into the Royal Family of Dubai also known as the "Al Maktourm Royal family") (I believe that you are using these individuals as leverage in your vicious assaults)

Statement of Claim at 8–9.[1]

"[A] district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479. A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A claim lacks an arguable basis in fact if it is premised on clearly baseless factual allegations that describe fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible." *Selvy v. Dep't of Hous. & Urban Dev.*, 371 F. Supp. 2d 905, 908 (E.D. Mich. 2005) (internal quotation marks and citation omitted). Even liberally construing the *pro se* complaint,

---

[1] With respect to Steinfeld, Plaintiff named her as a Defendant in two of his prior cases in which he was warned about filing duplicative and frivolous lawsuits. In *Alvey v. Steinfeld*, No. 1:20-cv-171, the Court took judicial notice that Ms. Steinfeld "is a Hollywood actress and popular music star." DN 5 at 1. In that case, in addition to warning Plaintiff about possible sanctions, the Court struck from the docket illicit photos of Plaintiff that he filed along with his complaint, finding that filing the photos "amount[ed] to abusive and harassing conduct." *Id.* at 6.

which the Court must do, the Court concludes that the allegations meet this standard.  Therefore, the Court will dismiss this lawsuit as frivolous.

Additionally, this Court finds that Plaintiff has abused the privilege of proceeding *in forma pauperis* by repeatedly filing frivolous lawsuits, even after the Court warned him not to do so.  The Court directs Plaintiff to show cause why an injunction should not be entered barring him from proceeding *in forma pauperis* in any future action in the U.S. District Court for the Western District of Kentucky.

Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke*, 490 U.S. at 324.  Proceeding *in forma pauperis* is a privilege, not a right.  *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991).  Federal courts may revoke or deny the privilege of proceeding without paying the filing fees that apply to other plaintiffs when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits.  *See In re McDonald*, 489 U.S. 180, 184–85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam).

When a litigant abuses this privilege by repeatedly filing frivolous lawsuits, federal courts have the inherent power to deter such suits by imposing appropriate sanctions, including restrictions on future access to the judicial system.  *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43–45 (1991); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *see also Iwachiw v. N.Y. State Dept. of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (per curiam).  While the Sixth Circuit has stated that an individual cannot be absolutely foreclosed from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose prefiling restrictions on an individual with a history of repetitive or vexatious

litigation. *Id.*; *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."). A district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing, *see Filipas*, 835 F.2d at 1146, and may deny a vexatious litigant permission to proceed *in forma pauperis*. *See, e.g.*, *Reneer v. Sewell*, 975 F.2d 258, 260–61 (6th Cir. 1992). The imposition of these prospective orders has been upheld where a litigant has demonstrated a "history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith[.]" *Maxberry*, 879 F.2d at 224.

In less than two years, Plaintiff has filed 15 lawsuits in this Court. In all of them, he has been granted the privilege of proceeding *in forma pauperis*. At least six of those cases were dismissed as frivolous under *Apple v. Glenn*, and five of those cases warned Plaintiff that he may be subject to sanctions should he continue to file duplicative, frivolous actions.

In *Alvey v. Western Kentucky University*, No. 1:20-cv-170 (DN 5), the Court noted:

> Plaintiff makes a number of allegations almost identical to ones he made in recent civil actions in this Court, for example *Alvey v. University of Kentucky*, 1:20-cv-147-GNS, which was also dismissed for failure to meet the notice-pleading standard under Fed. R. Civ. P. 8(a) and for lack of lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), in accordance with *Apple v. Glenn*. Plaintiff has recently been warned against the filing of duplicative and frivolous actions in yet another civil action filed by Plaintiff, *Alvey v. Steinfield*, 1:20-cv-171-GNS. The Court realizes that Plaintiff filed the instant action before he was warned that sanctions may be imposed if he continues filing duplicative, frivolous civil actions. However, the Court takes the opportunity to again **WARN** Plaintiff that filing additional frivolous lawsuits may result in the imposition of sanctions against him, including but not limited to prefiling restrictions."

And in *Alvey v. Western Kentucky University*, No. 1:20-cv-20 (DN 5), the Court noted:

> Plaintiff has been warned that sanctions may be imposed if he continues filing duplicative, frivolous civil actions. . . . As Plaintiff admits here, he has filed more than ten lawsuits in this jurisdiction. The Court takes the opportunity to again

> **WARN** Plaintiff that filing additional frivolous lawsuits may result in the imposition of sanctions against him, including prefiling restrictions.

Plaintiff was also warned that filing further duplicative, frivolous lawsuits could result in sanctions in *Alvey v. Western Kentucky University*, 1:20-cv-148 (DN 7), *Alvey v. Universal Music Group*, 1:20-cv-158 (DN 5), and *Alvey v. Steinfeld*, No. 1:20-cv-171 (DN 5).

Plaintiff's submission of frivolous and duplicative lawsuits serves no legitimate purpose, places a tremendous burden on this Court's limited resources, and deprives other litigants with potentially meritorious claims of the speedy resolution of their cases. His continued filing of baseless and duplicative complaints reveals his bad faith and amounts to an abuse of the privilege of proceeding *in forma pauperis*. *See Riches v. Garese*, Civ. No. 08-086, 2008 WL 2475733, at *2–3 (E.D. Ky. June 18, 2008) (collecting cases).

Given Plaintiff's repetitive filings, the Court concludes that the least severe sanction likely to deter him from filing future vexatious and frivolous lawsuits is to permanently enjoin him from proceeding *in forma pauperis* in any future action filed in this Court. This injunctive relief has no punitive aspect and serves a purely deterrent function. The injunction does not close the courthouse to Plaintiff but does impose financial consequences designed to compel Plaintiff to seriously consider whether he has a good-faith legal basis before initiating yet another lawsuit. Before entering such an injunction, however, the Court will provide Plaintiff with an opportunity to respond.

Accordingly, the Court **ORDERS** that **within 30 days** from the entry of this Order, Plaintiff shall show cause in writing why this Court should not issue an injunction barring him from proceeding *in forma pauperis* in all future actions in this Court.

Date:

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
   Defendants
   Clerk's Office
B213.009