UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CURTIS EDWARD ALVEY, JR.**                                                  **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 1:21-cv-49-BJB**

**WESTERN KENTUCKY UNIVERSITY et al.**                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Curtis Edward Alvey, Jr., proceeding *in forma pauperis*, filed this lawsuit. The Court entered a Memorandum Opinion and Order finding that this lawsuit must be dismissed as frivolous and that Plaintiff has abused the privilege of proceeding *in forma pauperis* by repeatedly filing frivolous lawsuits, even after the Court warned him not to do so (DN 20). The Court directed Plaintiff to show cause why an injunction should not be entered barring him from proceeding *in forma pauperis* in any future action in the U.S. District Court for the Western District of Kentucky. *Id*. Plaintiff did not file a response. The Court concludes that the proposed injunction should issue.

As the Court explained in ordering Plaintiff to show cause, Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Proceeding *in forma pauperis* is a privilege, not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991). Federal courts may revoke or deny the privilege of proceeding without paying the filing fees that apply to other plaintiffs when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam).

When a litigant abuses this privilege by repeatedly filing frivolous lawsuits, federal courts have the inherent power to deter such suits by imposing appropriate sanctions, including restrictions on future access to the judicial system. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *see also Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (per curiam). While the Sixth Circuit has stated that an individual cannot be absolutely foreclosed from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. *Id.*; *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."). A district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing, *see Filipas*, 835 F.2d at 1146, and may deny a vexatious litigant permission to proceed *in forma pauperis*. *See, e.g., Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992). The imposition of these prospective orders has been upheld where a litigant has demonstrated a "history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith[.]" *Maxberry*, 879 F.2d at 224.

In less than two years, Plaintiff has filed 15 lawsuits in this Court. In all of them, he has been granted the privilege of proceeding *in forma pauperis*. At least six of those cases were dismissed as frivolous under *Apple v. Glenn*, and five of those cases warned Plaintiff that he may be subject to sanctions should he continue to file duplicative, frivolous actions.

In *Alvey v. Western Kentucky University*, No. 1:20-cv-170 (DN 5), the Court noted:

> Plaintiff makes a number of allegations almost identical to ones he made in recent civil actions in this Court, for example *Alvey v. University of Kentucky*, 1:20-cv-

> 147-GNS, which was also dismissed for failure to meet the notice-pleading standard under Fed. R. Civ. P. 8(a) and for lack of lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), in accordance with *Apple v. Glenn*. Plaintiff has recently been warned against the filing of duplicative and frivolous actions in yet another civil action filed by Plaintiff, *Alvey v. Steinfeld*, 1:20-cv-171-GNS. The Court realizes that Plaintiff filed the instant action before he was warned that sanctions may be imposed if he continues filing duplicative, frivolous civil actions. However, the Court takes the opportunity to again WARN Plaintiff that filing additional frivolous lawsuits may result in the imposition of sanctions against him, including but not limited to prefiling restrictions.

And in another suit, *Alvey v. Western Kentucky University*, No. 1:20-cv-20 (DN 5), the Court noted:

> Plaintiff has been warned that sanctions may be imposed if he continues filing duplicative, frivolous civil actions. . . . As Plaintiff admits here, he has filed more than ten lawsuits in this jurisdiction. The Court takes the opportunity to again **WARN** Plaintiff that filing additional frivolous lawsuits may result in the imposition of sanctions against him, including prefiling restrictions.

Plaintiff was also warned that filing further duplicative, frivolous lawsuits could result in sanctions in *Alvey v. Western Kentucky University*, 1:20-cv-148 (DN 7), *Alvey v. Universal Music Group*, 1:20-cv-158 (DN 5), and *Alvey v. Steinfeld*, No. 1:20-cv-171 (DN 5).

      Plaintiff's submission of frivolous and duplicative lawsuits serves no legitimate purpose, places a tremendous burden on this Court's limited resources, and deprives other litigants with potentially meritorious claims of the speedy resolution of their cases. His continued filing of baseless and duplicative complaints reveals his bad faith and amounts to an abuse of the privilege of proceeding *in forma pauperis*. *See Riches v. Garese*, Civ. No. 08-086, 2008 WL 2475733, at *2-3 (E.D. Ky. June 18, 2008) (collecting cases).

      Given Plaintiff's repetitive filings, the Court concludes that the least severe sanction likely to deter him from filing future vexatious and frivolous lawsuits is to permanently enjoin him from proceeding *in forma pauperis* in any future action filed in this Court. *Maxberry*, 879 F.2d at 224. This injunctive relief has no punitive aspect and serves a purely deterrent function.

The injunction does not close the courthouse to Plaintiff but does impose financial consequences designed to compel Plaintiff to seriously consider whether he has a good-faith legal basis before initiating yet another lawsuit.

Accordingly, the Court **ORDERS that Curtis Edward Alvey, Jr., shall no longer be permitted to proceed *in forma pauperis* in any action in the United States District Court for the Western District of Kentucky.  The Clerk of Court is DIRECTED not to accept for filing any action by Curtis Edward Alvey, Jr., that is not accompanied by the proper filing fee.**

Date:  November 8, 2021

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Unites States District Court, Western District of Kentucky, all divisional offices
B213.009